# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 4, 2014

147867

TELLURIDE ASSOCIATION, INC.,
      Petitioner-Appellant,

v

CITY OF ANN ARBOR,
      Respondent-Appellee.
_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

SC: 147867
COA: 304735
MTT: 00-306817

On order of the Court, the application for leave to appeal the July 16, 2013 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I respectfully dissent and would grant leave to appeal to consider (a) whether petitioner was rightfully disqualified by respondent as an "educational institution," and therefore disentitled to certain tax exemptions, on the grounds that it does not make a "substantial contribution to the relief of the burden of government," *Ladies Literary Club v Grand Rapids*, 409 Mich 748, 755-756 (1980), despite the fact that nothing in the language of MCL 211.7n seems to require an entity to carry out what is effectively a "quasi-governmental" role by relieving the government of some public responsibility in order to qualify as an educational institution, and (b) whether petitioner was rightfully disqualified by respondent as a "charitable institution," and therefore disentitled to certain tax exemptions, on the grounds that it allocates its limited scholarship resources through an application and essay process that is alleged to be "discriminatory" because it seeks to identify those students most committed to community service activities, *Wexford Med Group v City of Cadillac*, 474 Mich 192, 215 (2006). The application of legal standards by which the public sector defines which educational and charitable institutions qualify as "educational" and "charitable" institutions is a matter of considerable importance for Michigan's nonprofit sector, and for the overall social environment of this state, and merits further judicial review.

YOUNG, C.J., joins the statement of MARKMAN, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 4, 2014



Clerk

t0401